IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 99-cv-01167-LTB

MATTHEW MOUNTS,

       Plaintiff,

v.

JOHN SUTHERS,
RICHARD SOARES,
DONA ZAVISLAN, and
LT. JAKE GAYLORD,

       Defendants.
_____

ORDER
_____

       This matter is before me on Defendants John Suthers, Richard Soares, Dona Zavislan, and Lieutenant Jake Gaylord's Motion to Terminate Action **[Doc #177]** pursuant to 18 U.S.C. § 3626(b). After considering the parties' arguments, and for the reasons below, I GRANT the motion.

**I. Background**

       Plaintiff is an inmate of the Colorado Department of Corrections ("CDOC") in Sterling, Colorado. He practices Orthodox Judaism. He initiated this action in June 1999, asserting that he be allowed to receive a Kosher diet and to participate in Jewish candle-lighting services.

       On March 14, 2011, this Court entered an order granting Plaintiff prospective relief (the "Order"). *See* Def.'s Mot. Ex. A. That relief was the following: Friday candle-lighting services shall commence not more than one hour before sunset during which time burning and electric candles will be lighted. When the candle-lighting service must be left for prisoner count and mealtime, CDOC

shall extinguish the burning candles but leave the electric candles lit and available for use when the service resumes. Additionally, Defendants shall permit the use of burning candles, electric candles, and spices in connection with candle-lighting and Havdalah services, but Defendant is not required to provide them. Lastly, Defendants must provide Plaintiff with a Kosher diet.

Since the Order was issued, Plaintiff has filed numerous pro se motions alleging that Defendants' have failed to comply with it. With his Motion for Contempt **[Doc #173]**, Plaintiff is again requesting court intervention due to asserted violations of the Order. *See* Pl.'s Mot. for Contempt, Doc # 173. The briefing on Plaintiff's motion has been stayed pending resolution of this motion. *See* Doc # 182. In this motion, Defendants argue that the Order should be terminated.

## II. Discussion

Defendants rely on 18 U.S.C. § 3626(b). Section § 3626(b) prescribes the termination of prospective relief granted in a civil action with respect to prison conditions. Such relief "shall be terminable upon the motion of any party or intervener - - 2 years after the date the court granted or approved the prospective relief." *Id.* at § 3626(b)(1)(A)(I). A defendant or intervenor is also entitled to immediate termination of prospective relief "if [it] was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.* at § 3626(b)(2). A court should not, however, terminate prospective relief if it "makes written findings based on the record that the relief remains necessary to correct a current and ongoing violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation." *Id.* § 3626(b)(3).

Defendants argue that termination pursuant to § 3626(b) is appropriate because the Order was issued in 2001. Additionally, they explain that since this Court issued the Order, the CDOC has implemented administrative regulation ("AR") 1550-06. *See* Defs.' Mot. Ex. B. That regulation allows an inmate to have a Kosher diet if his religious beliefs require it. *See id.* The CDOC also implemented AR 800-01. *See* Defs.' Mot. Ex. C. It established guidelines for practicing Judaism and makes accommodations so inmates can observe and practice Jewish Holy Days and weekly Shabbot and Havdalah services, including the use of candles and other religious accoutrements. *See id.* at Attachment E, p. 6. Thus, Defendants assert, the Order is no longer necessary to correct the violations of Plaintiff's constitutional rights.

Plaintiff disagrees. He responds that ARs 1550-06 and AR 800-01 do not comport with the commencement time specified in the Order for his Friday night candle-lighting service. (I note parenthetically that because Plaintiff proceeds pro se, I accord his filings solicitous construction. *See Van Deelan v. Johnson*, 487 F.3d 1151, 1153 n.1 (10th Cir. 2007).) He argues that the CDOC, acting pursuant to the two ARs, begins the service too early. Therefore the Order remains necessary.

Defendants reply that Plaintiff's argument has been addressed because the CDOC amended AR 800-01 on August 1, 2012, with the amendments effective immediately. *See* Defs.' Reply at Ex. E, Affidavit of Matthew Winden, Manager of the Faith and Citizen Programs for the CDOC, *and* Defs'. Notice of Filing of Supplemental Executive Directive, Doc # 193-1. Among other things, the amendment changes the Saturday night Havdalah candle-lighting service provisions of AR 800-01. This service requires an open flame and is an essential tenant of faith, but it cannot be performed inside an inmate's cell because open flame candles are prohibited therein. It must therefore be practice somewhere else. Prior to the amendment, AR 800-01 allowed only faith practice "groups"

3

to participate in the service. It defined "group" as two or more inmates. Thus, if only one inmate showed up to participate in the service, he would not be permitted to do so because there was no "group."  But now, as amended, AR 800-01 allows a single inmate to participate in the service in a designated gathering location.

The amendment also changes the manner in which inmates can participate in Shabbat services. The Shabbat service is the Friday night candle-lighting service. It is to be performed no more than one hour before sunset. Adhering to this commencement time can be difficult, however, due to unavoidable aspects of operating a prison, such as lockdowns and counts. Amended AR 800-01 permits inmates to purchase and use battery powered tea lights and authorizes their use in inmates' cells, thereby ensuring (to the greatest extent possible, given the context) that inmates will be able to punctually and properly participate in this service.

The CDOC repeatedly discussed this amendment and the specific changes above with its Rabbinic consultant. The Rabbi approved the amendment as satisfying Orthodox Jewish practice requirements.

I conclude that terminating the Order per § 3626(b) is appropriate. The Order was issued over eleven years ago, well over the two-year period prescribed in § 3626(b)(1)(A)(I). It is thus ripe for termination. And based on AR 1550-06 and amended AR 800-01, as well as the record before me, the Order is not necessary to correct a current and ongoing violation of Plaintiff's constitutional rights. *See* 18 U.S.C. § 3626(b)(3).  Moreover, because inmates will be able to conduct Friday night candle-lighting services alone in their own cells according to Orthodox Jewish dictates, the Order extends further than is necessary by compelling the CDOC to orchestrate the service in a certain fashion.  *See id.* § 3626(a)(1)(A) ("Prospective relief in any civil action with respect to prison

conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.") For these reasons the Order should be terminated.

### III. Conclusion

Accordingly, it is ordered that Defendants' Motion to Terminate Action **[Doc #177]** is GRANTED.  Consequently, it is further ordered that Plaintiff's Motion for Contempt **[Doc #173]** is DENIED as moot.

Date: August  7 , 2012, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE